LINNEY v. E. C. LINNEY & COMPANY.

Opinion delivered March 28, 1921.

1. COURTS—JURISDICTION OF SUIT BY NONRESIDENT.—A nonresident may bring an action in a State court, even though he might have brought suit originally in the Federal court, and it was not error to refuse his motion to dismiss for the want of jurisdiction.

2. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where the pleadings were not specifically abstracted to enable the Supreme Court to know upon what allegations plaintiff expected relief, or what relief he expected, the abstract was insufficient under rule 9, and the appeal should be dismissed.

Appeal from Pulaski Chancery Court; *J. E. Martineau*, Chancellor; appeal dismissed.

*Oscar H. Winn*, for appellant.

1. The chancellor had no jurisdiction to try the case and this court has none. Appellant can not waive jurisdiction of the Federal court nor surrender it over a controversy between citizens of different States, *nor over a controversy involving the use and infringement of a trademark.*

2. It is clearly shown that the questions involved were Federal questions. A reference to the law is sufficient. The court erred in refusing to dismiss the action. Section 8, p. 11, Judicial Code (2 ed.), Long's Federal Courts. See, also, *Ib.,* §§ 256, 16-17-18-19-20. There was nothing before the court but a Federal question, and the court below had no jurisdiction, and the judgment should be reversed and dismissed or transferred to the Federal court.

*Carmichael & Brooks,* for appellees.

1. This case should be affirmed under rule 9, as there is no sufficient abstract.

2. If there was, there was no motion to transfer to the Federal court. The motion to remove was not within time allowed by law for removal to the Federal court.

3. The case did not involve, except incidentally, the right to a trademark or formula, but was a case dealing with the formation, organization and conduct of a corporation.

4. No Federal question was involved.

5. Only defendants can remove.

6. If there was any merit in the motion to remove, the record must show that the lower court acted on it in some way.

Really there is nothing before the court, and the appeal should be dismissed.

SMITH, J. Appellant was the plaintiff below, and in the brief on his appeal to this court has this to say of his pleadings:

"As shown in the transcript at pages 12 to 22, plaintiff having no funds with which to publish the complaint, the amendment and supplemental complaint, and appellant's only opportunity to present same to the court is to ask the reading by the judge, the transcript as follows: pages 1 to 22, inclusive, and pages 32 to 37, inclusive, and pages 43 and 44."

After this statement there follows next in order what appears to be a "Motion to Dismiss for Want of Juris-

diction," which was filed by appellant in the court below. This motion appears to have been copied in full and reads as follows:

"Since it was shown in the testimony, and since the plaintiff is a citizen of the State of Tennessee, and since he has not any desire or inclination or intention to change his fifteen years' residence and citizenship in the State of Tennessee, plaintiff requests that this cause and suit be dismissed, or that same be permitted to be removed to the United States District Court upon the proper application being filed either in this court or the Federal Court."

Thereafter follows an abstract of a demurrer and an answer and a cross-complaint filed by appellee. The brief contains no abstract of the decree, but it appears from the argument made that the court refused to dismiss the cause for want of jurisdiction. In the argument which appellant makes in his brief he says that there was involved the question of the use and infringement of a trademark, of which only the Federal court would have jurisdiction.

The pleadings have not been sufficiently abstracted for us to know upon what allegations appellant expects relief nor, indeed, what relief he expects.

His motion to dismiss recites, as a ground therefor, the diverse citizenship of the litigants. But appellant was himself the plaintiff, and the courts of this State are open to him, although, on account of his residence in another State, he might have brought the suit in the first instance in the Federal court.

There has been no substantial compliance with rule 9 of this court requiring an abstract of the record in the case, and for this reason the appeal must be dismissed. It is so ordered.